IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 07-cv-02530-EWN-CBS

CHANA JONES,
    Plaintiff,
v.

SQUARE ONE FINANCIAL, and
ALL PRO RECOVERY,
    Defendants.
_____

RECOMMENDATION OF UNITED STATES MAGISTRATE JUDGE
_____

Magistrate Judge Craig B. Shaffer

    This civil action comes before the court regarding Plaintiff Ms. Jones' failure to, among other things, appear at the Telephonic Status Conference held on October 7, 2008. Pursuant to the Order of Reference dated January 30, 2008 (doc. # 10), this civil action was referred to the Magistrate Judge to, *inter alia*, "hear and determine any pretrial matter . . . ." The court has reviewed the entire case file and the applicable law and is sufficiently advised in the premises.

    Proceeding *pro se*, Ms. Jones filed the instant action on or about December 5, 2007. (*See* doc. # 1). Ms. Jones appears to be alleging claims for violation of the federal Fair Debt Collection Practices Act, 15 U.S.C. § 1692-1692o, and for fraud and misrepresentation. (*See* Complaint (doc. # 4) at p. 2 of 27, ¶ 5). Ms. Jones has not specified the relief she seeks. (*See id.* at p. 4 of 27).

    By an Order dated February 11, 2008, the court set a Scheduling Conference on April 28, 2008. (*See* doc. # 11). The court mailed a copy of the Order to Ms. Jones at

1

her address of record with the court.  (*See* doc. # 11, Notice of Electronic Filing).  Ms. Jones' copy of the Order was not returned to the court in the mail as undeliverable.  At the time of the court's Order, no proof of service on either Defendant had been filed with the court and no Defendant had entered an appearance. The court's February 11, 2008 Order specifically directed "plaintiff shall notify all parties who have not yet entered an appearance of the date and time of the scheduling/planning conference, and shall provide a copy of this Order to those parties."  (*See* doc. # 11).  The court held the Scheduling Conference on April 28, 2008.  (*See* doc. # 16).  Ms. Jones did not appear in person or through counsel.  Ms. Jones did not contact the court to explain her failure to appear.  As Ms. Jones had filed no proof of service on the Defendants, no one appeared at the Scheduling Conference on behalf of Defendants.

On April 28, 2008, the court issued an Order to Show Cause directing Ms. Jones to show good cause on or before May 16, 2008 why this civil action should not be dismissed.  (*See* doc. # 17).  On May 16, 2008, Ms. Jones filed a purported response to Defendant Square One Financial, LLC's ("Square One") Motion for More Definite Statement but did not respond to the court's Order to Show Cause.  (*See* doc. # 18).  By a Second Order dated May 27, 2008, the court set a further Scheduling and Planning Conference on July 22, 2008.  (*See* doc. # 20).  At the July 22, 2008 Scheduling and Planning Conference, the court set a further Status Conference on August 5, 2008.  (*See* doc. # 25).

At the Status Conference held on August 5, 2008, in Ms. Jones' presence, the court set a further Status/Scheduling Conference on September 3, 2008.  (*See* Courtroom Minutes/Minute Order (doc. # 26)).  Also on August 5, 2008, the court

ordered Ms. Jones to, on or before August 28, 2008, make Rule 26(a)(1) disclosures and file a more definitive response to the Motion for More Definite Statement filed by Square One. (*See* doc. # 26). The court mailed a copy of the Courtroom Minutes/Minute Order to Ms. Jones at her address of record with the court. (*See* doc. # 26, Notice of Electronic Filing). Ms. Jones' copy of the Courtroom Minutes/Minute Order was not returned to the court in the mail as undeliverable.

The court held the Status/Scheduling Conference on September 3, 2008. Square One appeared through counsel. Ms. Jones did not appear in person or through counsel. Ms. Jones did not contact the court to explain her failure to appear. Ms. Jones did not file a further response to the Motion for More Definite Statement or provide Rule 26(a)(1) disclosures by August 28, 2008, as directed by the court on August 5, 2008.

On September 3, 2008, the court issued its "Second Order to Show Cause," directing Ms. Jones to show good cause on or before Wednesday September 24, 2008 why this civil action should not be dismissed. (*See* doc. # 27). Ms. Jones filed a response on September 25, 2008, indicating that she was out of town and expressing interest in settling the case. (*See* doc. # 32). By Minute Order dated September 25, 2008, the court set a telephonic Status Conference. (*See* doc. # 31). Ms. Jones' copy of the Courtroom Minutes/Minute Order was not returned to the court in the mail as undeliverable. The court held the telephonic Status Conference on October 7, 2008. Square One appeared through counsel via telephone. Ms. Jones did not appear in person or through counsel. Ms. Jones has not contacted the court to explain her failure to appear. Counsel for Square One has not received any recent communication from Ms. Jones. (*See* doc. # 33). The court took under advisement Ms. Jones' response to

the Second Order to Show Cause but did not discharge the Order.  (*See* doc. # 33).

As Ms. Jones is proceeding *in forma pauperis* pursuant to 28 U.S.C. § 1915, the court ordered service of the Amended Complaint on Defendants by the United States Marshal.  (*See* doc. # 9).  Pursuant to the court's January 23, 2008 "Order Granting Service by United States Marshal," a representative of the U.S. Marshal attempted personal service on Defendant All Pro Recovery on three occasions without success.  (*See* doc. # 13).  Based on the information before the court, Defendant All Pro Recovery cannot be served at the address provided by Ms. Jones.  On July 22, 2008, the court advised Ms. Jones that All Pro Recovery had not yet been served.  (*See* doc. # 25).

Fed. R. Civ. P. Rule 4(m) provides in pertinent part

> [i]f a defendant is not served within 120 days after the complaint is filed, the court -- on motion or on its own after notice to the plaintiff -- must dismiss the action without prejudice against that defendant or order that service be made within a specified time.  But if the plaintiff shows good cause for the failure, the court must extend the time for service for an appropriate period.

Ms. Jones filed the instant action on or about January 4, 2008.  (*See* doc. # 4). The 120-day period to effect service on Defendant All Pro Recovery has expired.  As of this date, Ms. Jones has failed to file proof of service on All Pro Recovery and All Pro Recovery has not filed with the Clerk of the Court a signed waiver of service or otherwise appeared in this civil action.  There is no indication that the U.S. Marshal  failed to perform the duty to serve All Pro Recovery.  Service was attempted at the address provided by Ms. Jones.  The court need not require the U.S. Marshal to search further for All Pro Recovery.  Ms Jones resides in Parker, Colorado, is not incarcerated, and has not demonstrated that she is subject to any limitations in her ability to effect service

4

on All Pro Recovery.

In sum, Ms. Jones has failed to appear at the September 3, 2008 and the October 7, 2008 court hearings and has not adequately explained her failures to appear. Ms. Jones has not filed a further response to the Motion for More Definite Statement or provided Rule 26(a)(1) disclosures, as directed by the court on August 5, 2008. Ms. Jones has not filed a response to the Motion to Dismiss, as directed by the court on September 25, 2008. Ms. Jones has not effected service on Defendant All Pro Recovery. Based on these numerous failures to comply with the Local Rules of Practice of the United States District Court for the District of Colorado, the Federal Rules of Civil Procedure, and court orders, this action may properly be dismissed.

In order to recommend the sanction of dismissal with prejudice of this civil action for failure to comply with § 1915 and the court's orders, the court must analyze the factors set forth in *Ehrenhaus v. Reynolds*, 965 F.2d 916, 920 (10th Cir. 1992) (reviewing district court's dismissal of complaint with prejudice as sanction for violation of discovery order). *See Mobley v. McCormick*, 40 F.3d 337, 341 (10th Cir. 1994) (when a dismissal is with prejudice it "should be determined by reference to the *Ehrenhaus* criteria"). The *Ehrenhaus* criteria are "(1) the degree of actual prejudice to the defendant; (2) the amount of interference with the judicial process; . . . (3) the culpability of the litigant; (4) whether the court warned the party in advance that dismissal . . . would be a likely sanction for noncompliance; and (5) the efficacy of lesser sanctions." 965 F.2d at 921 (internal quotation marks and citations omitted). "These factors do not create a rigid test; rather, they represent criteria for the district court to consider prior to imposing dismissal as a sanction." *Ehrenhaus*, 965 F.2d at 921.

Applying the *Ehrenhaus* criteria, the court finds first that Defendant Square One has been prejudiced by Ms. Jones' ongoing failures to appear at court hearings and to follow court orders. Counsel for Square One has appeared at two court hearings for which Ms. Jones failed to appear. Ms. Jones has failed to adequately respond to Square One's Motion for More Definite Statement, failed to provide Rule 26(a)(1) disclosures, and failed to respond to Square One's Motion to Dismiss. The court's repeated review of the file and issuance of orders regarding Ms. Jones' failure to comply with court orders and failure to prosecute this case has increased the workload of the court and therefore interfered with the administration of justice.

Second, the record does not reveal that anyone other than Ms. Jones is culpable for her failure to comply with the court's orders. Third, the court has repeatedly warned Ms. Jones of the possibility of dismissal for failure to comply with court orders. (*See, e.g.*, docs. # 17, # 25, # 26, # 27). Finally, there is no lesser sanction available under the circumstances, as it would be pointless to impose an alternative sanction on a plaintiff who has failed to comply with previous court orders. All of the five *Ehrenhaus* factors thus support dismissal of this civil action with prejudice.

Accordingly,

IT IS RECOMMENDED that this civil action be DISMISSED with prejudice for Ms. Jones' failure to appear at the October 7, 2008 telephonic Status Conference and the September 3, 2008 Status/Scheduling Conference, failure to adequately respond to the court's September 3, 2008 "Second Order to Show Cause," failure to effect service of process on Defendant All Pro Recovery, failure to comply with the Local Rules of Practice of the United States District Court for the District of Colorado, the Federal

Rules of Civil Procedure, and court orders, and failure to prosecute.

**Advisement to the Parties**

Within ten days after service of a copy of the Recommendation, any party may serve and file written objections to the Magistrate Judge's proposed findings and recommendations with the Clerk of the United States District Court for the District of Colorado. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b); *In re Griego*, 64 F.3d 580, 583 (10th Cir. 1995). A general objection that does not put the District Court on notice of the basis for the objection will not preserve the objection for *de novo* review. "[A] party's objections to the magistrate judge's report and recommendation must be both timely and specific to preserve an issue for de novo review by the district court or for appellate review." *United States v. One Parcel of Real Property Known As 2121 East 30th Street, Tulsa, Oklahoma*, 73 F.3d 1057, 1060 (10th Cir. 1996). Failure to make timely objections may bar *de novo* review by the District Judge of the Magistrate Judge's proposed findings and recommendations and will result in a waiver of the right to appeal from a judgment of the district court based on the proposed findings and recommendations of the magistrate judge. *See Vega v. Suthers*, 195 F.3d 573, 579-80 (10th Cir. 1999) (District Court's decision to review a Magistrate Judge's recommendation *de novo* despite the lack of an objection does not preclude application of the "firm waiver rule"); *One Parcel of Real Property*, 73 F.3d at 1059-60 (a party's objections to the Magistrate Judge's report and recommendation must be both timely and specific to preserve an issue for *de novo* review by the District Court or for appellate review); *International Surplus Lines Insurance Co. v. Wyoming Coal Refining*

*Systems, Inc.*, 52 F.3d 901, 904 (10th Cir. 1995) (by failing to object to certain portions of the Magistrate Judge's order, cross-claimant had waived its right to appeal those portions of the ruling); *Ayala v. United States*, 980 F.2d 1342, 1352 (10th Cir. 1992) (by their failure to file objections, plaintiffs waived their right to appeal the Magistrate Judge's ruling). *But see, Morales-Fernandez v. INS*, 418 F.3d 1116, 1122 (10th Cir. 2005) (firm waiver rule does not apply when the interests of justice require review).

DATED at Denver, Colorado this 21st day of October, 2008.

BY THE COURT:

Craig B. Shaffer
United States Magistrate Judge